**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MAGNOLIA SILVERIO KIM, | No. 07-73311 |
| Petitioner, | Agency No. A099-578-353 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Magnolia Silverio Kim, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

evidence, *Nahrvani v. Gonzales*, 399 F.3d 1148, 1151 (9th Cir. 2005), and we deny

in part and dismiss in part the petition for review.

We reject the government's argument that we lack jurisdiction on the basis

that Kim was found to be removable based upon her prior criminal conviction. *See*

*Bromfield v. Mukasey*, 543 F.3d 1071, 1075-76 n.4 (9th Cir. 2008) (jurisdiction

exists where the agency has denied relief on the merits, notwithstanding

removability based upon an aggravated felony).

Kim does not raise any challenge to the agency's determination that her

asylum application is time-barred. Accordingly, we deny the petition for review as

to Kim's asylum claim.

Substantial evidence supports the agency's finding that Kim did not

establish past persecution because she failed to show the sexual assaults she

suffered occurred on account of a protected ground. *See Molina-Estrada v. INS*,

293 F.3d 1089, 1094-95 (9th Cir. 2002). We lack jurisdiction to review Kim's

contention that she is a member of a particular social group because she failed to

exhaust the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78

(9th Cir. 2004). Substantial evidence also supports the agency's finding that Kim's

fear of future persecution is not objectively reasonable because she testified her persecutor is now deceased. *See Canales-Vargas v. Gonzales*, 441 F.3d 739, 747 (9th Cir. 2006). Accordingly, Kim's withholding of removal claim fails.

Substantial evidence also supports the agency's finding that Kim cannot show a likelihood of torture by or with the acquiescence of government officials if returned to the Philippines, and therefore we deny the petition as to Kim's CAT claim. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**